ᴴ 204



# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 9, 1975

Mr. Richard C. Gibson                          Open Records Decision No. 55A
Director, University of Texas
System Law Office                              Re:     Faculty Records
601 Colorado Street
Austin, Texas 78701

Dear Mr. Gibson:

You have asked additional questions concerning our Open Records Decision
No. 55 of October 24, 1974. That decision concerned access by a faculty
member to information in his personnel file, specifically, letters of recom-
mendation and evaluations of his performance.

In that Decision we said:

> You have also expressed concern that some of the
> material in the personnel file is given with an expecta-
> tion of confidentiality. Yet, we have neither been
> pointed to nor have we found any law which would make
> these records confidential.
>
> . . . .
>
> It is our decision therefore, that information located
> in the files of the University and having to do with the
> performance of a faculty member and evaluation of per-
> formance vis-a-vis his retention as a faculty member,
> is information which is made available to the member
> by Section 3(a)(2) of the Open Records Act.

In your additional questions, you cite examples of written promises of
confidentiality made by the University and written agreements to hold
evaluative material confidential in order to obtain candid responses.

We have reviewed our decision in Open Records Decision No. 55 (1974),
in light of the new facts you have presented and while we believe that our

conclusion there was basically correct, we also believe that it should be amplified as to cases where an actual agreement of confidentiality can be shown to have been made.

Prior to the enactment of the Open Records Act, article 6252-17a, V. T. C. S., there was no law which restricted the University from entering into valid agreements to hold certain information confidential. We believe that in cases where reliable proof indicates an evaluation or recommendation was obtained in exchange for a promise of confidentiality, and where reliable proof demonstrates that the evaluation was provided in reliance on such an agreement, the University may honor such a demonstrated obligation to hold the information as confidential and may refuse to disclose it to the faculty member whom it concerns. A contemporaneous written agreement would of course be the best evidence of such an agreement.

Both the Texas and United States Constitutions prohibit impairment of the obligations of contracts. Tex. Const. art. 1, §16; U.S. Const. art. 1, §10. We believe that it would constitute an impairment of the University's obligation under a contract of confidentiality to apply section 3(a)(2) of the Open Records Act to require the University to breach any such demonstrated agreement by disclosing such information to the subject of the evaluation. Open Records Decision No. 64 (1975).

However, unless authorized to do so by law, governmental bodies are now prevented by the Open Records Act from making agreements to keep information confidential. Attorney General Opinion H-258 (1974). Thus, only such agreements made prior to June 14, 1973, the effective date of the Open Records Act, may be honored.

While valid agreements as to confidentiality may be honored in most instances, such agreements cannot prevail against an individual's right to access to information which is the basis for adverse action by the governmental body affecting the individual. Greene v. McElroy, 360 U.S. 474, 496 (1959); Open Records Decision No. 31 (1974); Attorney General Opinion H-249 (1974).

In your request you asked several questions concerning the potential liability of a person who wrote an adverse evaluation under an expectation of confidentiality which cannot be honored. We must decline to speculate on these general hypothetical questions dealing with possible private liabilities.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee